PEARSON, J.

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | |
|---|---|
| G.M., a minor, *etc.*, *et al.*, ) | |
| ) | CASE NO. 4:19CV2486 |
| Plaintiffs, ) | |
| ) | |
| v. ) | JUDGE BENITA Y. PEARSON |
| ) | |
| LAKEVIEW LOCAL SCHOOL ) | |
| DISTRICT, *et al.*, ) | **MEMORANDUM OF OPINION** |
| ) | **AND ORDER** |
| Defendants. ) | [Resolving ECF No. 21] |

Pending is Plaintiffs' Motion for Leave to File First Amended Complaint *Instanter* (ECF No. 21), filed on July 16, 2020. Plaintiffs attached the Proposed First Amended Complaint (ECF No. 21-1) to the motion. The Court has been advised, having reviewed the record, the parties' briefs, and the applicable law. For the reasons below, the motion is denied.

**I.**

On October 24, 2019, Plaintiffs Nail Majid, Amany Ahmad, and G.M. filed a Complaint (ECF No. 1) alleging 11 claims against Defendants Lakeview Local School District, Lakeview Local School District Board of Education, Kara Kasula (math teacher), Alex Dean (student teacher), and Nancy Sandrella (school nurse).

On March 11, 2020, the Court conducted a Telephonic Case Management Conference and subsequently entered a Case Management Plan ("CMP") (ECF No. 15). The CMP provides, in pertinent part:

(4:19CV2486)

> 14. The cutoff to amend pleadings and add parties is May 1, 2020. Also see Fed. R. Civ. P. 15(a) (requiring a showing that an amendment is proper). The cutoff date, however, is merely a time limitation -- not a blanket leave. A party must still demonstrate that an amendment is proper under Rule 15(a). Absent written consent of the adverse party, the party seeking to amend at least must alert the Court and the adverse party to the substance of the proposed amendment by filing a Motion for Leave with an accompanying memorandum of law addressing the requirements of Rule 15(a). In all cases, the party seeking leave of Court to amend must certify that prior notice of the proposed amendment was given and the adverse party withheld consent.[1]

ECF No. 15 at PageID #: 105.

## II.

Plaintiffs filed their Motion for Leave three days after conducting the deposition of Ashley Handrych, who was (and remains) the principal of Lakeview Middle School on the date of the incident at issue in this action. Because a Fed. R. Civ. P. 16 order has been entered, however, the Court can consider whether Plaintiffs have satisfied the more liberal standards of Rule 15(a) only if Plaintiffs make the showing required by Rule 16(b) for modification of a scheduling order. See Leary v. Daeschner, 349 F.3d 888, 909 (6th Cir. 2003); S&W Enters., L.L.C. v. Southtrust Bank of Ala., N.A., 315 F.3d 533, 536 (5th Cir. 2003); W. Va. Housing Dev. Fund v. Ocwen Tech. Xchange, Inc., 200 F.R.D. 564, 566-68 (S.D.W.Va. 2001).

Leave to amend a complaint should be freely given when justice so requires after a responsive pleading has been filed. Rule 15(a); Foman v. Davis, 371 U.S. 178, 182 (1962); Kottmyer v. Maas, 436 F.3d 684, 692 (6th Cir. 2006). It is an abuse of discretion for the district

---

[1] ECF No. 21 contains a certification at PageID #: 125.

(4:19CV2486)

court to deny a plaintiff leave to amend his complaint without any justifying reason. *Foman*, 371 U.S. at 182.

### III.

The within motion for leave to amend is problematic for several reasons. Chief among them are (1) the motion fails to establish good cause for modification of the scheduling order and (2) allowing Plaintiffs to file their proposed amended complaint would be futile.

This case exemplifies what can happen when you wait three months to start discovery. As stated above, the cutoff date to amend pleadings and add parties was May 1, 2020 – almost 11 weeks before the within motion was filed.[2] The CMP (ECF No. 15) adopted the cutoff date to amend pleadings and add parties recommended by the parties. *See* Discovery Plan (ECF No. 13) at PageID #: 97, ¶ 7(f).[3] The cutoff was set in compliance with Local Rule 16.3(b)(2)(I).

### A.

Plaintiffs have not shown good cause for an extension of the cutoff date. They do not dispute that their Motion for Leave to File First Amended Complaint *Instanter* (ECF No. 21) was

---

[2] Plaintiffs' Motion for Leave was filed six days after the Court denied the parties' Joint Motion for Extension of Case Management Deadlines (ECF No. 19). The Court stated it would not enlarge an already-sufficient-schedule. Order (ECF No. 20) at PageID #: 119. This was consistent with what the Court told counsel during the June 29, 2020 Telephonic Status Conference. The Court also notes that ECF No. 19 did not set forth a request for an extension of the cutoff for joinder of new parties and the amendment of pleadings.

[3] The parties also agreed during their Fed. R. Civ. P. 26(f) conference that there would be no discovery of electronically-stored information. *See* ECF No. 13 at PageID #: 96, ¶ 7(b); ECF No. 15 at PageID #: 102, ¶ 9.

3

(4:19CV2486)

filed after the Fed. R. Civ. P. 16 cutoff to amend the pleadings had passed. According to Rule 16(b)(4), when the Court has entered a scheduling order that limits the time to join other parties and to amend the pleadings, "[a] schedule may be modified only for good cause and with the judge's consent." In *Inge v. Rock Financial Corp.*, 281 F.3d 613 (6th Cir. 2002), the Sixth Circuit stated that good cause is primarily measured by the movant's "diligence in attempting to meet the case management order's requirements." *Id.* at 625 (quoting *Bradford v. DANA Corp.*, 249 F.3d 807, 809 (8th Cir. 2001)). Prejudice to the party opposing the modification is not an express component of Rule 16, however, the Sixth Circuit has stated that a district court must consider prejudice to the non-moving party when it decides whether or not to amend a scheduling order. *Leary*, 349 F.3d at 909; *Phelps v. McClellan*, 30 F.3d 658, 662-63 (6th Cir. 1994). If the Court determines that the movant satisfies the requirements of Rule 16(b), then the Court must determine whether the moving party has satisfied the requirements of Rule 15. *Id.* At this stage of the proceedings, Rule 15 asks the question whether leave should be freely given because justice so requires.

      Plaintiffs assert they exercised diligence in attempting to meet the scheduling order because they deposed Handrych on July 14, 2020. *See* ECF No. 21 at PageID #: 122-23. The Court is not persuaded. Normally, "[a] party may not seek discovery from any source before the parties have conferred as required by Rule 26(f)," unless "authorized . . . by court order." Fed. R. Civ. P. 26(d)(1). More than 21 days after the summons and complaint are served on a party,

(4:19CV2486)

however, an "early" request under Fed. R. Civ. P. 34 may be delivered. Pursuant to Rule 26(f) and Local Rule 16.3(b)(3), a meeting was held in the case at bar on January 3, 2020. *See* ECF No. 13 at PageID #: 94. Therefore, the parties had four months to conduct discovery to determine if an amendment was necessary.

The Court must also consider prejudice to the non-moving party when it decides whether to amend a scheduling order. *Leary*, 349 F.3d at 909. Here, Plaintiffs posit that there is no prejudice in allowing the amendment. ECF No. 21 at PageID #: 123. The longer the period of an unexplained delay, the less prejudice needs to be shown. *Phelps*, 30 F.3d at 662. As in the case at bar, amendments that add burden, expense, or complexity to discovery or the trial may constitute prejudice. *Id.* at 662-63. According to Defendants, Plaintiffs' accusations that Defendants "willfully" destroyed the video recorded on the date of the incident at issue would, at a minimum, require additional fact witnesses regarding the school's IT system operated by a third-party contractor, the set up and operation of the cameras, and school record-retention policies and practices. ECF No. 23 at PageID #: 166-67.

Plaintiffs had multiple opportunities in November 2018 (when they met with Handrych) to request that the video[4] of G.M. and Dean sitting and talking at a table in an open common area of the school be preserved. Plaintiffs now seek to add spoliation-type claims because a school surveillance system automatically recorded over video footage from the date of the incident by

---

[4] The video had no audio capability or feed. *See* ECF No. 23 at PageID #: 161, 162, 170.

(4:19CV2486)

routine operation of the electronic system.. The Proposed First Amended Complaint (ECF No. 21-1) alleges new claims for (1) recklessness against Handrych; (2) spoliation of evidence and violations of Ohio Rev Code § 149.351 against Handrych, the School District, and Board of Education; and (3) a cause of action under Ohio Rev. Code § 2307.60 against Sandrella and Handrych for tampering with and falsifying public documents in violation of Ohio Rev. Code §§ 2913.42 and 2921.13,[5] accompanied by a demand for punitive damages. The Court finds that the Motion for Leave to add Handrych because of newly acquired evidence that was discerned at her deposition fails to establish good cause for modification of the scheduling order. *See Morrocco v. Northwest Engineering Co.*, 310 F.2d 809 (6th Cir. 1962).

**B.**

Under Rule 15, "[f]utility, alone, can constitute a satisfactory ground for denying a motion for leave to amend." *Phillips v. Smith*, No. 5:09CV1848, 2010 WL 2291143, at *2 (N.D. Ohio June 2, 2010) (Pearson, J.). Allowing Plaintiffs in the case at bar to file their proposed amended complaint would be futile. *Miller v. Calhoun County*, 408 F.3d 803, 817 (6th Cir. 2005) ("Amendment of a complaint is futile when the proposed amendment would not permit the complaint to survive a motion to dismiss.").

Plaintiffs' proposed claim for recklessness against Handrych does not state a valid claim under Ohio law. *See Brown v. Whirlpool*, 996 F. Supp.2d 623, 643 (N.D. Ohio 2014) (Carr, J.)

---

[5] There is a typographical error at PageID #: 145, ¶ 166 of the Proposed First Amended Complaint (ECF No. 21-1). Ohio Rev. Code § 2913.21 regards misuse of credit cards. Because credit cards are not at issue, the correct statute apparently is Ohio Rev. Code § 2921.13. However, Plaintiffs do not address either statute in their memoranda (ECF Nos. 21 and 25).

6

(4:19CV2486)

("Ohio law does not recognize a stand-alone cause of action for recklessness. . . . Because there is no cause of action for recklessness under Ohio law, I will dismiss claims 7 and 8 with prejudice."); *Ward v. Cty. of Cuyahoga*, 721 F. Supp.2d 677, 694 (N.D. Ohio 2010) (Gaughan, J.) ("The Court agrees with defendants that 'reckless and wanton conduct' is not a separate cause of action under Ohio law. . . . Accordingly, defendant [ ] is entitled to summary judgment. . . .").

Next, Plaintiffs propose a new claim for spoliation of evidence and violations of Ohio Rev Code § 149.351 against Handrych, the School District, and Board of Education.  However, "Ohio courts have held that political subdivisions are immune from intentional torts such as . . . spoliation of evidence. . . ." *Baez v. City of Cleveland*, No. 1:19CV0623, 2019 WL 7282092, at *4 (N.D. Ohio Dec. 27, 2019) (Parker, M.J.).

An action for a violation of Ohio Rev Code § 149.351–public records law can only be brought by one "who is aggrieved" by the destruction of a public record.  One cannot be "aggrieved" unless one first "made a request with the goal of accessing the public records." *Rhodes v. New Philadelphia*, 129 Ohio St.3d 304, 309-10 (2011).  Defendants assert "Plaintiffs haven't *alleged* that they ever submitted a public-records request for the video." ECF No. 23 at PageID #: 171 (emphasis added).  On January 23, 2019, Plaintiffs did, however, request from Defendants "[a]ny and all video or audio recordings related to the events of November 2, 2018. . . ." ECF No. 25-3 at PageID #: 231.  By that time, the video, that was automatically overridden in November 2018, did not exist.  *See Quinn v. Retort*, No. 4:18CV2615, slip op. at 2 (N.D. Ohio Oct. 9, 2019) (Pearson, J.) (citing *State ex rel. Toledo Blade Co. v. Sencea Cty Bd. of Commrs.*, 120 Ohio St.3d 372, 378 ¶ 23 (2008) (holding that in cases in which public records are

7

(4:19CV2486)

properly disposed of in accordance with a duly adopted records-retention policy, there is no entitlement to those records under the Public Records Act, Ohio Rev. Code § 149.43)).

Finally, Handrych testified that she didn't destroy any record, but merely failed to preserve video that was automatically overridden 17 days after its creation. *See* Excerpts from Deposition of Ashley Handrych (ECF No. 23-1). While the Proposed First Amended Complaint includes the bare allegation that Sandrella and Handrych falsified, destroyed, or concealed records "to cover up their unlawful acts" (ECF No. 21-1 at PageID #: 145, ¶ 166), there are no allegations of "defraud[ing]" or "deception" under Ohio Rev. Code § 2913.01. Conclusory allegations of a "cover up" do not satisfy Ohio Rev. Code § 2913.42 or the plausibility standard in *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007) or *Ashcroft v. Iqbal*, 556 U.S. 662 (2009).

### IV.

For the reasons set forth herein and those that have been articulated in the memorandum of the points and authorities on which Defendants rely in opposition to the motion (ECF No. 23), Plaintiffs' Motion for Leave to File First Amended Complaint *Instanter* (ECF No. 21) is denied.

IT IS SO ORDERED.

September 16, 2020         */s/ Benita Y. Pearson*
Date        Benita Y. Pearson
       United States District Judge