PEARSON, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| G.M., a minor, *etc.*, *et al.*, | ) | |
| | ) | CASE NO.  4:19CV2486 |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | JUDGE BENITA Y. PEARSON |
| | ) | |
| LAKEVIEW LOCAL SCHOOL | ) | |
| DISTRICT, *et al.*, | ) | **MEMORANDUM OF OPINION** |
| | ) | **AND ORDER** |
| Defendants. | ) | [Resolving ECF Nos 24 and 34] |

Pending is Defendants' Motion *in Limine* to Exclude Plaintiffs' Proposed Expert Witness, Dr. Steven Neuhaus (ECF No. 24).  The Court has been advised, having reviewed the record, the parties' briefs, and the applicable law.  For the reasons set forth in Section II below, the motion is granted.

Also pending is Plaintiffs' Motion to Correct the Record (ECF No. 34).  The motion is stricken for the reasons set forth in Section III below.

**I.**

On October 24, 2019, Plaintiffs Nail Majid, Amany Ahmad, and G.M. filed a Complaint (ECF No. 1) alleging 11 claims against Defendants Lakeview Local School District, Lakeview Local School District Board of Education, Kara Kasula (math teacher), Alex Dean (student teacher), and Nancy Sandrella (school nurse).

(4:19CV2486)

On March 11, 2020, the Court conducted a Telephonic Case Management Conference

and subsequently entered a Case Management Plan ("CMP") (ECF No. 15).  The CMP provides,

in pertinent part:

> 10.  Discovery, including expert discovery, shall be completed on or
> before September 8, 2020.
> (A)  On or before July 8, 2020, the party that has the burden of proof on an
> issue(s) shall identify its retained expert witness(es) *and* provide opposing counsel
> with a written expert report(s).
> (B)  The party that has no burden of proof on an issue(s) shall identify its
> retained expert(s), if any, and submit an opposing written report(s) to opposing
> counsel on or before August 7, 2020.
> A party may take a discovery deposition of its opponent's expert witness
> only after the exchange of reports has occurred.  The discovery deposition of an
> opponent's expert witness shall be completed on or before September 8, 2020.  If
> a party chooses not to use its own expert witness, it will be permitted to take the
> discovery deposition of its opponent's expert witness only after submitting a
> written statement advising the Court and opposing counsel to that effect.
> * * * *

ECF No. 15 at PageID #: 103 (footnote omitted; emphasis added).  The CMP also provides the

cutoff for filing dispositive motions is October 8, 2020.  ECF No. 15 at PageID #: 105, ¶ 15.  The

cutoffs were set in compliance with Local Rule 16.3(b)(2).  Finally, the CMP provides:  "The

Court will permit only the motion with its supporting memorandum, the memorandum in

opposition, and a reply.  No sur-replies will be permitted absent advance leave of Court."  ECF

No. 15 at PageID #: 107.

On July 6, 2020, the parties filed a Joint Motion for Extension of Case Management

Deadlines requesting, *inter alia,* that Plaintiffs be allowed to identify and produce expert reports

by August 7, 2020 because the parties needed "additional time to complete depositions, provide

information to experts and secure evidence necessary for dispositive motions."  ECF No. 19 at

PageID #: 116.  The Motion for Extension was denied on July 10, 2020.  The Court stated it

(4:19CV2486)

would not enlarge an already-sufficient-schedule.  Order (ECF No. 20) at PageID #: 119.  This

was consistent with what the Court told counsel during the June 29, 2020 Telephonic Status

Conference.

## II.

Once ECF No. 19 was denied, Plaintiffs disclosed Steven M. Neuhaus, Ph.D., a clinical

and forensic psychologist, as their expert later on July 10, 2020, but did not provide a written

report to opposing counsel.  ECF No. 29 at PageID #: 261.  It was not until August 19, 2020 that

Plaintiffs provided copies of Dr. Neuhaus's expert report to counsel for Defendants.  *See* Notice

(ECF No. 31).  This, however, was six weeks after Plaintiff should have provided opposing

counsel with the expert report pursuant to the CMP (ECF No. 15).

Precedent from the United States Court of Appeals for the Sixth Circuit holds that a

failure to timely identify an expert witness and produce a report results in the automatic and

mandatory exclusion from providing expert testimony:

> The remedy for the failure to file the required expert report or summary disclosure
> is exclusion of the opinion testimony, unless Plaintiff can establish that the failure
> was either substantially justified or harmless.  *Avendt*, 314 F.R.D. at 559 (citing
> Fed. R. Civ. P. 37(c)(1), providing that if a party fails to comply with Rule 26,
> "the party is not allowed to use that information or witness to supply evidence on
> a motion, at a hearing, or at a trial, unless the failure was substantially justified or
> harmless.").  The Sixth Circuit has identified five factors to consider when
> assessing whether a party's omitted or late disclosure is "substantially justified" or
> "harmless":  " '(1) the surprise to the party against whom the evidence would be
> offered; (2) the ability of that party to cure the surprise; (3) the extent to which
> allowing the evidence would disrupt the trial; (4) the importance of the evidence;
> and (5) the nondisclosing party's explanation for its failure to disclose the
> evidence.' "  *Howe v. City of Akron*, 801 F.3d 718, 747-48 (6th Cir. 2015)
> (quoting *Russell v. Abs. Collection Servs., Inc.*, 763 F.3d 385, 396-97 (4th Cir.
> 2014)).  " '*The exclusion of non-disclosed evidence is automatic and mandatory
> under Rule 37(c)(1) unless non-disclosure was justified or harmless.*' "
> *Dickenson v. Cardiac & Thoracic Surgery of Eastern Tennessee*, 388 F.3d 976,

(4:19CV2486)

> 983 (6th Cir. 2004) (quoting *Musser v. Gentiva Health Services*, 356 F.3d 751, 758 (7th Cir. 2004)).  "The party requesting exclusion under Rule 37(c)(1) need not show prejudice, rather the non-moving party must show that the exclusion was 'harmless' or 'substantially justified.' "  *Saint Gobain Autover USA, Inc. v. Xinyi Glass North America, Inc.*, 666 F. Supp.2d 820, 826 (N.D. Ohio 2009); *see also Roberts ex rel. Johnson v. Galen of Virginia, Inc.*, 325 F.3d 776, 782 (6th Cir. 2003) (quoting *Vance v. United States*, No. 98-5488, 1999 WL 455435, at *3 (6th Cir. June 25, 1999)).

*Dobbins v. Greyhound Lines, Inc.*, --- F.R.D. ----, No. 19-10546, 2020 WL 5291828, at *2 (E.D. Mich. Sept. 4, 2020) (emphasis added).

Plaintiffs attempt to satisfy their burden to show the admittedly untimely identification of their expert and subsequent submission of a report to opposing counsel was harmless or substantially justified by arguing (1) Defense counsel cooperated in filing the Joint Motion for Extension of Case Management Deadlines (ECF No. 19)[1] and/or (2) "technological difficulties" and "litigation-related stressors" to G.M. delayed Dr. Neuhaus's expert report.  ECF No. 29 at PageID #: 260-61.  Defendants reply that Plaintiffs had months to retain an expert, but Dr. Neuhaus was not retained and did not start working on this case until after July 8, 2020 – the cutoff date for Plaintiffs' expert to be identified and a written expert report to be provided to opposing counsel.  ECF No. 32 at PageID #: 275-76, 277; *see also* Invoice from Dr. Neuhaus (ECF No. 32-1).  The invoice also reveals that three of the four fact-gathering interviews that Dr. Neuhaus conducted did not take place until after Defendants had already produced their expert reports to opposing counsel.  Plaintiffs offer no justification for why they waited months – and until after their expert report cutoff date – to hire Dr. Neuhaus and provide him with material to

---

[1] *See* July 1, 2020 email exchange (ECF No. 29-1).

(4:19CV2486)

begin working on the case at bar.[2]  After consideration of the five factors adopted by the Sixth

Circuit in *Howe*, the Court concludes Plaintiffs' late disclosure of Dr. Neuhaus's expert report is

not substantially justified or harmless.  801 F.3d at 747-48.

In addition, Local Rule 26.1 provides, in relevant part:  "Discovery must be conducted

according to limitations established at the Case Management Conference and confirmed in the

Case Management Plan.  Absent leave of court, the parties have no authority to modify the

limitations placed on discovery by court order."  *Mantell v. Health Professionals Ltd.*, No.

5:11CV1034, 2013 WL 5442357, at *3-5 (N.D.Ohio Sept. 27, 2013) (Adams, J.) (citing Local

Rule 26.1 in granting defendants' motion to strike the report and affidavit of plaintiff's expert

opinion witness offered in support of plaintiff's response to defendants' motion for summary

judgment), *aff'd*, 612 Fed.Appx. 302 (6th Cir. 2015).

In *Mendez v. Banco Popular de Puerto Rico*, 900 F.2d 4 (1st Cir. 1990), the Court of

Appeals held that the district court did not abuse its discretion in refusing to grant plaintiff's third

request for an extension of time to respond to defendant's summary judgment motion.  The court

stated:

> Rules are rules—and the parties must play by them.  In the final analysis, the
> judicial process depends heavily on the judge's credibility.  To ensure such
> credibility, a district judge must often be firm in managing crowded dockets and
> demanding adherence to announced deadlines.  If he or she sets a reasonable due
> date, parties should not be allowed casually to flout it or painlessly to escape the
> foreseeable consequences of noncompliance.  Moreover, appellate courts cannot

---

[2]  The Court does not address the parties' arguments regarding prejudice to
Defendants because, as stated above in the block quote from *Dobbins*, " '[t]he party
requesting exclusion under Rule 37(c)(1) need not show prejudice, rather the non-moving
party must show that the exclusion was 'harmless' or 'substantially justified.' " *Saint
Gobain Autover USA, Inc.*, 666 F. Supp.2d at 826 (Lioi, J.).  If the Court were to address
this argument, it would find Plaintiffs' untimely disclosure prejudicial to Defendants.

(4:19CV2486)

> too readily agree to meddle in such case-management decisions lest the trial court's authority be undermined and the system sputter. *Cf. Higuera v. Pueblo Int'l, Inc.*, 585 F.2d 555, 557 (1st Cir. 1978) ("There comes a point when the question arises who is running the court—counsel, or the judge. To this there can be but one answer."). . . .

*Id.* at 7. *See also Tate v. General Motors LLC*, No. 4:16CV2369, slip op. at 2-3 (N.D. Ohio Nov. 1, 2017) (Pearson, J.) (citing *Mendez*).

### III.

Plaintiffs filed a Motion to Correct the Record (ECF No. 34), which cannot be viewed as anything other than a surreply. Contrary to the CMP (ECF No. 15), ECF No. 34 was filed without leave of Court.[3]

The primary purpose for allowing the moving party to serve and file a reply memorandum in support of a motion[4] is so it can respond to any new issues raised by the memorandum in opposition. Consideration of ECF No. 34 would frustrate the purpose of allowing Defendants to be the first and last to be heard on their pending Motion *in Limine* (ECF No. 24). *See Bickerstaff v. Cuyahoga Cty.*, No. 1:18CV1142, 2019 WL 7500494, at *6 (N.D. Ohio, Aug. 12, 2019) (Parker, M.J.) (citing *Key v. Shelby Cty.*, 551 Fed.Appx. 262, 265 (6th Cir. 2014) ("the Federal Rules of Civil Procedure do not expressly permit the filing of sur-replies")), *report & recommendation adopted*, 2019 WL 5303967 (N.D. Ohio Oct. 21, 2019) (Barker, J.); *In re Steinle*, 835 F. Supp.2d 437, 443-44 (N.D. Ohio 2011) (Katz, J.) (same).

---

[3] And, as indicated above, the Court's ruling excluding expert Neuhaus does not depend on prejudice to Defendants, the apparent purpose of ECF No. 34.

[4] *See* Local Rule 7.1(e).

(4:19CV2486)

Accordingly, Plaintiffs Motion to Correct the Record (ECF No. 34) is stricken from the file.  Defendants' Supplement to Reply Brief in Support of Motion *in Limine* and Response to Plaintiffs' Motion to Correct the Record (ECF No. 35) is also stricken.

**IV.**

For the reasons set forth herein and those that have been articulated in the memoranda of the points and authorities on which Defendants rely in support of the motion (ECF Nos. 24 and 32), Defendants' Motion *in Limine* to Exclude Plaintiffs' Proposed Expert Witness, Dr. Steven Neuhaus (ECF No. 24) is granted.  Dr. Neuhaus is precluded from testifying in the instant case or from otherwise rendering opinions for use in dispositive or other motions.  Plaintiffs are barred from referencing, inquiring of witnesses, or otherwise trying to inform the jury about Dr. Neuhaus's opinions relating to the allegations in this case.

Plaintiffs Motion to Correct the Record (ECF No. 34) and Defendants' Supplement to Reply Brief in Support of Motion *in Limine* and Response to Plaintiffs' Motion to Correct the Record (ECF No. 35) are stricken from the file.


IT IS SO ORDERED.


 September 16, 2020                          /s/ Benita Y. Pearson
Date                                        Benita Y. Pearson
                                            United States District Judge